NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4200
_____

UNITED STATES OF AMERICA

v.

LAMAR CALDWELL
a/k/a Vincent Caldwell

Lamar Caldwell,
Appellant

_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(2-95-cr-00070-001)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2017

Before: VANASKIE, RENDELL and FISHER, Circuit Judges

(Filed: October 6, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, Circuit Judge

Lamar Caldwell appeals as procedurally unreasonable an order revoking his supervised release and imposing a sentence of twelve months confinement to run consecutively to his already-adjudged state sentences. Caldwell asserts that the District Court failed to meaningfully consider his three arguments for a concurrent sentence. We will affirm.

I.

On March 21, 1995, a jury convicted Caldwell on one count of violating 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm). On June 16, 1995, Caldwell was sentenced to 250 months imprisonment to be followed by three years of supervised release. This sentence fell within the Guidelines range of 235 to 293 months, which had been enhanced based on Caldwell's qualification as an "armed career criminal" under U.S.S.G. § 4B1.4 due to prior convictions for three burglaries, one attempted burglary, and one aggravated assault.

Caldwell was released from confinement on April 11, 2014, and immediately began his term of supervised release. On August 17, 2015, Caldwell was arrested while attempting to break into a home in Bensalem, Pennsylvania. Caldwell attempted to force his way through an unlocked side door and was only prevented from doing so by the physical resistance of a fifteen-year-old girl. While in custody awaiting trial for the August 17th burglary, Caldwell was implicated in a separate burglary that occurred on

2

July 29, 2015. In that incident, a couple returned home to find that their back door had been shattered with a large rock and their house ransacked, with losses and damages in excess of $10,000. The homeowners also found a bottle of Coca-Cola which the then-unknown assailant had apparently drunk during the commission of the offense. DNA testing of the bottle returned a match to Caldwell's reference sample and he was subsequently charged with this second burglary and associated offenses. On July 6, 2016, Caldwell was sentenced to consecutive sentences of 10 to 20 years of confinement in Pennsylvania state prison for each of the above incidents, for a combined sentence of 20 to 40 years of confinement.

In light of these offenses, Caldwell's probation officer filed two revocation petitions, one on August 19, 2015, two days after Caldwell's arrest for attempted burglary, and an amended petition on September 9, 2016, following Caldwell's sentencing in Pennsylvania court. The District Court held a revocation hearing on November 22, 2016. At this hearing, Caldwell faced a sentencing range of 0 to 24 months and presented three main arguments in support of his request for a concurrent sentence:

1. Due to the length of his state sentences, additional confinement subsequent to these sentences was unnecessary;

2. Given Caldwell's belief that he had been improperly denied over three years of good-time credit while serving his 1995 sentence, his purportedly excess imprisonment should be considered in deciding this later sentence; and

3. In light of the fact that the provision of the Armed Career Criminal Act under which Caldwell was sentenced in 1995 was invalidated shortly

following his release,[1] making any relief unavailable, the court should consider this hardship in determining an appropriate sentence.

Under current law, Caldwell's maximum sentence for the 1995 offense would have been ten years, less than half of the twenty-plus-year sentence that he received.

Following Caldwell's allocution and argument from both counsel, the judge recessed to review the case materials and, about ten minutes later, announced a sentence of twelve months confinement to run consecutively to the state court sentences. Following announcement of the sentence, the District Court asked both parties if there was anything else they wished to put on the record and both parties declined.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.

Caldwell challenges the District Court's ruling on procedural grounds due to an alleged failure by the District Court to adequately acknowledge and respond to each of his properly presented sentencing arguments. Because Caldwell did not object at the sentencing hearing, we will review for plain error.[2] In order to establish plain error, Caldwell must demonstrate that (1) there is an "error"; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's

---

[1] *See Johnson v. United States*, 135 S.Ct. 2551 (2015).

[2] *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014). We note that the District Court in this case followed our guidance in *Flores-Mejia* to specifically ask counsel before adjournment if there were any other issues they wished to put on the record. *Id.* at 258 n.8.

4

substantial rights"; and (4) "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[3]

III.

In *United States v. Gunter*, we laid out a three step framework for sentencing.[4] As relevant here, the framework requires a sentencing court to "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis."[5] The record in this case demonstrates that the District Court meaningfully considered each of Caldwell's arguments. Therefore, there was no error.

The sum and substance of Caldwell's appeal is that the District Court failed to adequately consider his arguments for a concurrent sentence. In support of this contention, Caldwell focuses exclusively on the District Court's final remarks before the announcement of his sentence:

> And based upon his criminal history which we've talked about I do feel that you were on supervised release, you committed more crimes, therefore you have to pay for your supervised – pay for that.

> So I am going to impose a consecutive sentence, but because of what you've gone through instead of the 24 months I'm only going to make it 12 months.[6]

---

[3] *United States v. Marcus,* 560 U.S. 258, 262 (2010) (alteration omitted) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[4] *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

[5] *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (quoting *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007)). *See* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . .").

[6] J.A. at 59.

Caldwell argues that while the allusion to "what you've gone through" might arguably address his two arguments for a concurrent sentence based on his personal history, it cannot possibly be construed to have addressed his initial argument, which was that, given the length of his *upcoming* sentences, additional confinement was unwarranted.[7]

Were this the only consideration the District Court gave to Caldwell's argument, he would be on firmer ground, but it was not, and so he is not. In fact, the District Court engaged in a detailed colloquy with defense counsel on the very point that Caldwell now claims was "completely ignored."[8] When defense counsel first raised the length of Caldwell's pending state sentences as grounds for leniency, the District Court interjected that the state sentences were "for what he did," meaning the two burglaries while on supervised release, implying, and later stating explicitly, that the instant question was what the appropriate punishment was for Caldwell's violation of the terms of his supervised release.[9] Defense Counsel did not so much challenge as accede to this point, responding that a twenty-four month sentence—the maximum—"may be appropriate, Your Honor, but . . . it's a lot."[10] Based on this colloquy alone, it is abundantly clear that the District Court meaningfully considered, and rejected, Caldwell's argument for a

---

[7] Appellant's Brief at 16.

[8] Appellant's Brief at 10.

[9] J.A. at 50, 59 ("[Y]ou were on supervised release, you committed more crimes, therefore, you have to . . . pay for that."). *See* U.S.S.G. § 7A.3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust . . . .").

[10] J.A. at 50.

6

concurrent sentence in light of the length of his pending state sentences.[11] The District

Court provided further insight into its reasoning when it later explained, "you were on

supervised release, you committed more crimes, therefore, you have to pay for your

supervised – pay for that," unambiguously rejecting Caldwell's argument that a

concurrent sentence would adequately sanction Caldwell's violation of supervised

release.[12] While this rejection of Caldwell's argument did not take the form of a more

formal ruling that might be employed in other contexts, we do not insist, nor have we

ever, on a formalistic ruling on each and every argument raised by a defendant at

sentencing.[13] Our cases have consistently rejected a requirement of "magic words" from

the sentencing judge and much less do we require a "magic formula" whereby the

sentencing judge must summarize all of the arguments presented and announce his

rulings at a specific point in the proceeding.[14] Caldwell's sole focus on the District Court's

concluding remarks is, therefore, misguided. We look to the record as a whole.[15]

As to Caldwell's other arguments, the District Court demonstrated similar

engagement and meaningful consideration, which ultimately resulted in awarding a

---

[11] *Compare United States v. Gall*, 552 U.S. 38, 54-56 (2007), *and United States v. Bungar*, 478 F.3d 540, 544-45 (3d Cir. 2007) (inferring meaningful consideration from colloquies with counsel), *with Begin*, 696 F.3d at 410 (holding there was no meaningful consideration when District Court did not question or comment during oral argument and announced sentence with a rote recitation of the § 3553(a) factors).

[12] J.A. at 59.

[13] *See United States v. Friedman*, 658 F.3d 342, 362 (3d Cir. 2011) (citing *Rita v. United States*, 551 U.S. 338, 358-59 (2007)).

[14] *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006).

[15] *See Rita*, 551 U.S. at 341.

sentence of only twelve months in light of, as the court summarized, "what [Caldwell] had] gone through."[16] Before arriving at its decision, the court discussed with both counsel whether, in fact, the predicate offenses for Caldwell's 1995 conviction would no longer qualify under the Armed Career Criminal Act after the Supreme Court's decision in *United States v. Johnson*.[17] In addition, following Caldwell's allocution, the court conducted a detailed review of Caldwell's case file to resolve a point of confusion regarding Caldwell's release date in 2014, the explanation for which had evidently eluded both counsel and Caldwell himself.[18] It is clear, therefore, that the District Court not only meaningfully considered the arguments of counsel, but undertook its own examination of the record to ensure that Caldwell received an appropriate sentence.

## III.

The record as a whole leaves us with no doubt that the District Court meaningfully considered each of the § 3553(a) factors and each of Caldwell's proffered arguments. The sentence is affirmed.

---

[16] J.A. at 59. As Caldwell concedes, this comment could arguably address both the length of his sentence under the Armed Career Criminal Act and his purportedly unjustified denial of good-time credit. To the extent the District Court failed to specifically address Caldwell's good-time argument, we hold that this argument lacked any factual basis and, therefore, need not have been specifically addressed at all. *See Begin*, 696 F.3d at 411.

[17] J.A. at 53-55. *See supra* note 1.

[18] J.A. at 55-58. Caldwell did not expect to be released until 2022 since his 1995 sentence had originally been adjudged to run consecutively to a prior state sentence. Unbeknownst to Caldwell, his federal sentence was later retroactively declared to run concurrent with the state sentence, resulting in the 2014 release date.